IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ODIS SPENCER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:16-cv-62 |
| | § | |
| HUGHES WATTERS ASKANASE, LLP | § | |
| AND EVERHOME MORTGAGE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Notice is hereby given under 28 U.S.C. §§ 1331, 1332, and 1441 that Defendant EverBank, a Federal Savings Association, successor by merger to EverHome Mortgage Company ("EverBank" or "Defendant") removes this action from the 224th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. Defendant states the following in support of removal:

### I.     STATE COURT ACTION

1.     On December 23, 2015, Plaintiff Odis Spencer ("Plaintiff") filed Plaintiff's Original Petition and Request for Disclosure ("Petition") in the 224th Judicial District Court of Bexar County, Texas, styled *Odis Spencer v. Hughes Watters Askanase, LLP and Everhome Mortgage Company, Jointly and Severally*, under cause number 2015-CI-21035 (the "State Court Action").

2.     EverBank was served with process on January 5, 2016. Co-Defendant Hughes Watters Askanase, LLP ("HWA") was served with process on January 8, 2016. Removal is therefore timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty

days of service.

## II.     PROCEDURAL REQUIREMENTS

3.     This action is properly removed to this Court, as the State Court Action is pending within this district and division.[1]

4.     In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

| | |
|---|---|
| **Exhibit A** | An index of matters being filed; |
| **Exhibit B** | A copy of the State Court Docket Sheet; |
| **Exhibit C** | A copy of all process, pleadings, and orders served upon the defendant in the State Court Action, including: |
| **Exhibit C1** | Plaintiff's Original Petition and Request for Disclosure, filed on December 23, 2015; |
| **Exhibit C2** | Civil Case Information Sheet, filed on December 23, 2015; |
| **Exhibit C3** | Acknowledgement of Propria Persona Party, filed on December 23, 2015; |
| **Exhibit C4** | Request for Service and Process, filed on December 23, 2015; |
| **Exhibit C5** | Citation directed to HWA, filed on December 28, 2015; |
| **Exhibit C6** | Citation directed to EverBank, filed on December 28, 2015; |
| **Exhibit D** | Defendant's Rule 7.1 Disclosure Statement; |
| **Exhibit E** | Civil Cover Sheet and Supplemental Civil Cover Sheet. |
| **Exhibit F** | Defendant Hughes Watters & Askanase, LLP's Consent to Removal |

## III. FEDERAL QUESTION JURISDICTION

5.     Defendant removes this matter to federal court under federal question jurisdiction.

6.     A federal district court has jurisdiction over civil actions arising under federal

---

[1] 28 U.S.C. § 1441.

law.[2] In the context of removal, a court determines whether a federal question is presented in the plaintiff's complaint as it stands at the time the notice of removal is filed.[3] Where a plaintiff seeks recovery directly under the laws of the United States, a federal court must generally entertain the suit.[4]

7. This action arises under and presents substantial questions of federal law, namely the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Plaintiff expressly asserts a cause of action and seeks damages against defendants EverBank and HWA under 12 U.S.C. § 1692 *et seq*.[5] Because this action arises under the laws of the United States, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, and removal of this entire cause is therefore proper under 28 U.S.C § 1441(c).

### IV.   DIVERSITY JURISDICTION

8. This Court additionally has jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of the properly-joined parties and the amount in controversy exceeds $75,000.00.

A.   **Complete Diversity Exists**

   i.   *HWA is improperly joined.*

1. HWA should not be considered in the Court's diversity analysis because HWA is a nominal party that has been improperly joined. State court suits may be removed to federal court when "none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which [the] action is brought."[6] Improperly joined parties, or nominal parties,

---

[2] 28 U.S.C. § 1331.
[3] *Am. Homes 4 Rent Props. v. Gates*, No. 3:14-cv-2575-B-BN, 2014 U.S. Dist. LEXIS 120386 at *8 (N.D. Tex. Aug. 7, 2014) (quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326 (5th Cir. 1998)).
[4] *See Southpark Square, Ltd. v. Jackson*, 565 F.2d 338, 341 (5th Cir. 1977).
[5] Ex. C1, ¶ 1026-1046.
[6] *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 705 (N.D. Tex. 2011) (emphasis in original); 28 U.S.C. § 1441(b).

must be disregarded when determining whether a matter is removable under diversity jurisdiction.[7]

2. Improper joinder may be established in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[8] To prove improper joinder based on the plaintiff's inability to state a claim against non-diverse parties, a defendant must demonstrate there is no reasonable basis for predicting that the plaintiff might be able to recover against an in-state defendant.[9] A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal.[10]

3. This is the latest in a string of lawsuits filed by Plaintiff against both EverBank and HWA. This Court heard one of Plaintiff's previous lawsuits against HWA in Cause No. 5:15-CV-00233-XR ("Prior HWA Lawsuit"). In the Prior HWA Lawsuit, which Plaintiff filed on February 2, 2015, Plaintiff sued HWA and alleged claims, *inter alia*, for violation of the FDCPA, fraud and misrepresentation, Texas unfair trade practices, violation of Chapter 12 of the Texas Civil Practice and Remedies Code, and intentional tort.[11] Plaintiff then amended his complaint on May 19, 2015, to allege claims for violation of the FDCPA, fraud and misrepresentation, Texas unfair trade practices, violation of Chapter 12 of the Texas Civil Practice and Remedies Code, and intentional tort.[12] On September 23, 2015, Plaintiff filed a Motion for Voluntary Dismissal, and on September 24, 2015, the Court entered an Order dismissing Plaintiff's claims against HWA *with prejudice,* and Plaintiff did not appeal.[13]

---

[7] *Marsh*, 760 F. Supp. at 705.
[8] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004); *Marsh*, 760 F. Supp. 2d at 705-06.
[9] *Marsh*, 760 F. Supp. 2d at 706.
[10] *Id.*
[11] Cause No. 5-15-CV-00233-XR, Doc. No. 1-4.
[12] Cause No. 5-15-CV-00233-XR, Doc. No. 11.
[13] Cause No. 5-15-CV-00233-XR, Doc. Nos. 28, 29.

Because Plaintiff's claims against HWA were dismissed with prejudice in the Prior HWA Lawsuit, Plaintiff's claims against HWA in this lawsuit are barred by *res judicata*. As such, Plaintiff cannot establish a claim against HWA in this lawsuit, which means HWA was improperly joined and is a nominal party.

4. The doctrine of res judicata "precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action."[14] Res judicata requires four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions."[15]

5. In both the instant lawsuit and the Prior HWA Lawsuit, Plaintiff complains of the September 2012 foreclosure of the property located at located at 7403 Cinnabar Trail, San Antonio, Texas 78244, which has a legal description of "LOT 93, BLOCK 2, VENTURA SUBDIVISION, UNIT 11, BEXAR COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 9513, PAGES 157-160, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS" (the "Property").[16]

6. *The parties are identical or in privity.* Odis Spencer was the Plaintiff in the Prior HWA Lawsuit and also in this lawsuit.[17] HWA was named a party-defendant in the Prior HWA Lawsuit and in this lawsuit also.[18] The parties in both lawsuits are identical.

7. *The judgment in the prior action was rendered by a court of competent jurisdiction.* The United States District Court for the Western District of Texas, acting with

---

[14] *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) (citation omitted).
[15] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted).
[16] Cause No. 5-15-CV-00233-XR, Doc. No. 11 ¶¶ 8-9 & Exs. B, D; Ex. C1, ¶ 201.
[17] Cause No. 5-15-CV-00233-XR, Doc. No. 11, at p.1; Ex. C1, at p. 1.
[18] Cause No. 5-15-CV-00233-XR, Doc. No. 11, at p.1; Ex. C1, at p. 1.

federal question jurisdiction, is clearly a court of competent jurisdiction.[19]

8.  *The prior action was concluded by a final judgment on the merits.* The court in the Prior HWA Lawsuit entered an Order Granting Plaintiff's Motion for Voluntary Dismissal and dismissed the Prior HWA Lawsuit with prejudice.[20] Dismissal with prejudice is an adjudication on the merits.[21]

9.  *The same claim or cause of action was involved in both actions.* Whether a subsequent suit involves the same claim or cause of action is determined by the transactional test.[22] Under the transactional test, "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose."[23]

10. In the Prior HWA Lawsuit, Plaintiff asserted claims against HWA based on an allegedly improper September 2012 foreclosure sale of the Property.[24] In the instant lawsuit, Plaintiff again complains of the September 2012 foreclosure sale of the Property.[25] Both suits thus arise out of the same transaction or series of connected transactions. Because all of Plaintiff's claims against HWA in the instant suit arise out of the same transaction, or series of connected transactions, as those in the Prior HWA Lawsuit, Plaintiff's claims against HWA are barred by res judicata and he cannot state a claim against HWA in this lawsuit. HWA's

---

[19] Cause No. 5-15-CV-00233-XR, Doc. No. 1, at p.2 (removal was under federal question jurisdiction).
[20] Cause No. 5-15-CV-00233-XR, Doc. Nos. 28, 29.
[21] *Schwarz v. Folloder*, 767 F.2d 125, 129-30 (5th Cir. 1985).
[22] *Cuauhtli v. Chase Home Finance LLC*, 308 Fed. App'x 772, 774 (5th Cir. 2009).
[23] *Id.* (citation omitted).
[24] Cause No. 5-15-CV-00233-XR, Doc. No. 11, ¶¶ 8-10, 33, 35-37
[25] *E.g.*, Ex. C1, ¶¶ 815-817; 1002-1009 (complaining that the September 2012 foreclosure sale was wrongful); 1011 (relying on the alleged wrongful foreclosure for his breach of contract claim); 1013-1017 (complaining of the September 2012 foreclosure in connection with his claim for quiet title/trespass to try title); 1023-1025 (complaining of the September 2012 foreclosure in connection with his claim for beach of common law tort of unreasonable collection efforts); 1027-1046 (complaining of communications involved with the September 2012 foreclosure sale); 1047-1049 (complaining of the September 2012 foreclosure sale in connection with his negligence claim); 1201 (complaining of the September 2012 foreclosure sale in connection with his declaratory judgment claim); 1301-1302 (again complaining about the foreclosure of his property).

citizenship should therefore be disregarded in this matter.

      *ii.*  *The properly joined parties are completely diverse.*

11. The properly joined parties to the matter are completely diverse as required by 28 U.S.C. § 1332.

12. On information and belief, Plaintiff is a citizen of Texas. In his Petition, Plaintiff asserts that he is a resident of Bexar County, Texas.[26]

13. Defendant EverBank is a federal savings association. The state of citizenship of a federal savings association is the state in which it has its home office.[27] EverBank's home office is in Florida; thus, Defendant is a citizen of Florida for purposes of diversity jurisdiction.

14. Because Plaintiff is a citizen of Texas and EverBank is a citizen of Florida, complete diversity exists.[28]

**B. The Amount in Controversy Exceeds $75,000.**

15. The amount in controversy is over $75,000.00.

16. Usually, the sum demanded in good faith in a plaintiff's petition establishes the amount in controversy.[29] Plaintiff demands, *inter alia*, the following sums in his Petition: $138,690.00 in actual liquidated damages[30], mental anguish damages of $100,000.00[31], punitive damages of $250,000.00[32], $138,690.00[33], and $75,000.00 in attorney's fees (before appeal) [34]. Plaintiff has thus demanded more than $75,000, exclusive of interest and costs, in his Petition.

---

[26] Ex. C1, ¶ 201.
[27] 28 U.S.C. § 1464(x).
[28] *See* 28 U.S.C. § 1332(a)(1).
[29] 28 U.S.C. § 1446(c)(2).
[30] Ex. C1, at p. 22.
[31] *Id.*
[32] *Id.* at p. 23.
[33] *Id.*
[34] *Id.*

## IV. CONCLUSION

9. Removal of this action is proper under 28 U.S.C. § 1441. This is a civil action brought in a state court, and the federal district courts have federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity and the amount in controversy exceeds $75,000.00.

10. As a result, EverBank removes this action from the 224th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully Submitted,

*/s/ Charles R. Curran*
Garth Fennegan
Texas Bar I.D. 24004642
*gfennegan@settlepou.com*
Charles R. Curran
Texas Bar I.D. 24076334
*ccurran@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300 (Telephone)
(214) 526-4145 (Facsimile)

ATTORNEYS FOR DEFENDANT EVERBANK, FSA, SUCCESSOR BY MERGER TO EVERHOME MORTGAGE COMPANY

## Certificate of Service

I certify that this document was served in accordance with the Federal and Texas Rules of Civil Procedure on January 22, 2016, by the manner indicated upon the following persons:

<u>Via CM/RRR No. 9414 7266 9904 2059 2878 26</u>
Odis Spencer, *pro se*
7403 Cinnabar Trail
San Antonio, Texas 78244

*/s/ Charles R. Curran*
Charles R. Curran
