

2 cits cnl

2015-CI-21035

224TH JUDICIAL DISTRICT COURT

ODIS SPENCER  VS HUGHES WATTERS ASKANASE

DATE FILED: 12/23/2015

2015C121035 -P00001

| | | |
|---|---|---|
| ODIS SPENCER, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | 57th JUDICIAL DISTRICT |
| | § | |
| **HUGHES WATTERS ASKANASE, LLP** and | § | |
| **EVERHOME MORTGAGE COMPANY,** | § | |
| **Jointly and Severally,** | § | |
| | § | |
| **Defendants.** | § | **DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE:

Plaintiff, ***ODIS SPENCER*** (hereinafter referred to as "Plaintiff") files this Plaintiff's Original Petition against Defendant, ***HUGHES WATTERS ASKANASE, LLP*** (herein after referred to as "Defendant" or "HWA") and ***EVERHOME MORTGAGE COMPANY***, (herein after referred to as "Defendant" or "EVERHOME") jointly and severally, for Slander of Title and Wrongful Foreclosure, Suit to Quiet Title and Trespass to Try Title, Usurious, Breach of Common Law Tort of Unreasonable Collection Efforts, violations of the Texas Debt Collection Act, the Fair Debt Collection Practices Act, the Texas Deceptive Trade Practices Act and Negligence. In support thereof Plaintiff states the following:

### I. DISCOVERY

101.   Discovery in this case is intended to be conducted under level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### REQUEST FOR DISCLOSURE

102.   Plaintiff request that *each* Defendant disclose, within fifty (50) days of the service of

---

**PLAINTIFF'S ORIGINAL PETITION
AND REQUEST FOR DISCLOSURE**                                                                1

DOCUMENT  SCANNED  AS  FILED

EXHIBIT C1

this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## II. PARTIES

201.    Plaintiff, *Residential Homeowner*, **ODIS SPENCER**, is a Texas Resident and Land Owner of the real property located at: 7403 Cinnabar Trail, San Antonio, Bexar County, Texas 78244 as more fully described in the legal description contained in Section III below.

202.    Defendant, *Third Party Debt Collector*, **HUGHES, WATTERS & ASKANASE, LLP** is a group of Texas licensed attorneys performing third party debt collection services in Bexar County, Texas under the registered name of **HUGHES, WATTERS & ASKANASE, LLP** and who may be served with process by serving *GARY S. GUNN*, managing partner or anyone else authorized to accept service at his principal place of business located at: *333 Clay Street, Suite #2900, Houston, Texas 77002-4168*.

203.    Defendant, *Mortgage Servicing Bank*, **EVERHOME MORTGAGE COMPANY** is the mortgage servicing division of **EVERBANK** a national bank headquartered in Jacksonville, Florida and is a wholly owned subsidiary of **EVERBANK FINANCIAL CORP** a publically held corporation also headquartered in Jacksonville, Florida and who may be served with process by serving its registered agent: *CT CORPORATION SYSTEM, 1999 BRYAN STREET, SUITE #900, DALLAS, TEXAS 75201*.

## III. REAL PROPERTY – LEGAL DESCRIPTION - HOMESTEAD

301.    The legal description for the real property more commonly known as: The legal description for the real property more commonly known as: *7403 Cinnabar Trail, San Antonio, Bexar County, Texas 78244* is: **LOT 93, BLOCK 2, VENTURA SUBDIVISION, UNIT 11, Bexar County, Texas according to plat thereof recorded in Volume 9513,**

---

**PLAINTIFF'S ORIGINAL PETITION**
**AND REQUEST FOR DISCLOSURE**                                                                    **2**

**Pages 157-160, Deed and Plat Records of Bexar County, Texas.** (hereinafter referred to as "*HOMESTEAD*").

## IV. JURISDICTION & VENUE

401.    Jurisdiction for this lawsuit is proper in the District Court under Tex. Gov't Code §24.007.

402.    Venue for this lawsuit is mandatory under Tex. Civ. Prac. & Rem. Code §15.011: LAND. Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

## V. CONDITIONS PRECEDENT

501.    All conditions precedent to the Plaintiff maintaining this civil action have accrued, occurred, or been waived.

## VI. AGENCY AND RESPONDEAT SUPERIOR

601.    Whenever in this complaint it is alleged that a *HWA* did, or failed to do, any act, thing and/or omission, it is meant that *HWA* itself or its agents, officers, servants, employees, vice principals, or representatives either did or failed to do such act, thing and/or omission, and it was done with the full authorization or ratification of *HWA*, and/or done in the normal routine, course and scope of the agency or employment of *HWA* or its agents, officers, servants, employees, vice principals, or representative and/or with actual and/or apparent authority of *HWA*.

## VII. STATEMENT OF UNDISPUTED MATERIAL FACTS

701.    Plaintiff *ODIS SPENCER*, is a Texas Resident.

DOCUMENT SCANNED AS FILED

702.   Plaintiff *ODIS SPENCER*, is the borrower named in the Deed of Trust dated January 29, 1987.

703.   Plaintiff *ODIS SPENCER*, is the Land Owner of the real property located at: 7403 Cinnabar Trail, San Antonio, Bexar County, Texas 78244 as more fully described in the legal description contained in Section III above, at all times material herein.

704.   Plaintiff *ODIS SPENCER* currently has possession of and resides at: 7403 Cinnabar Trail, San Antonio, Bexar County, Texas 78244.

705.   Plaintiff *ODIS SPENCER*, was at all times material herein a "consumer" as defined in 15 U.S.C. §1692a(3).

706.   The "mortgagee" at all-time material herein was: *TEXAS HOMESTEAD MORTGAGE COMPANY*, its successors and assigns.

707.   The "lender" at all-time material herein was *TEXAS HOMESTEAD MORTGAGE COMPANY.*

708.   *EVERHOME MORTGAGE COMPANY* is the mortgage servicing division of *EVERBANK* a national bank headquartered in Jacksonville, Florida and is a wholly owned subsidiary of *EVERBANK FINANCIAL CORP* a publically held corporation also headquartered in Jacksonville, Florida.

709.   Defendant *EVERHOME MORTGAGE COMPANY* at all times material herein was the "mortgage servicing" bank for the mortgagee stemming from a Promissory Note and Deed of Trust dated January 29, 1987 concerning the *HOMESTEAD* more fully described in the legal description contained in Section III above.

710.   Defendant *HWA* has filed its "third party debt collector" bond number RSB542246 issued by RLI Insurance Company with the Texas Secretary of State.

---

**PLAINTIFF'S ORIGINAL PETITION**
**AND REQUEST FOR DISCLOSURE**                                                    4

711.   Defendant *HWA* was at all times material herein a "debt collector" as defined in 15 U.S.C. §1692a(6).

712.   Defendant *HWA* was at all times material herein a "debt collector" as defined in 392.001(7) of the Texas Finance Code.

713.   Defendant *HWA* has non-attorney employees who regularly make contact with debtors for purposes of collection or adjustment of debts.

714.   *EVERHOME MORTGAGE COMPANY* assigned the mortgage that was in default to *HWA* on or about January 18, 2011.

715.   Defendant *HWA* attempted collection against Plaintiff.

### VIII. STATEMENT OF FACTS

801.   Late in the year 1986, *TEXAS HOMESTEAD MORTGAGE COMPANY* (hereinafter referred to as "*THMC*") solicited Plaintiff to apply for a first mortgage home loan.

802.   Plaintiff applied for a first mortgage home loan with *THMC*, said application was approved by *THMC* the first mortgage home loan closed and was funded on or about January 29, 1987.

803.   Upon closing and at all times material herein *THMC* is the owner of the *MORTGAGE* being the Promissory Note and Deed of Trust dated on or about January 29, 1987 (hereinafter referred to as the "*MORTGAGE*").

804.   Shortly after closing Plaintiff pursuant to the Texas Constitution and the laws of the State of Texas recorded his Notice of Homestead with the Bexar County Clerk, Real Property Records division for the *HOMESTEAD* more fully described in the legal description contained in Section III above.

---

**PLAINTIFF'S ORIGINAL PETITION
AND REQUEST FOR DISCLOSURE**                                            **5**

805.   *THMC* unilaterally and without approval by or notice to Plaintiff, allegedly sold the servicing rights to the *EVERHOME MORTGAGE COMPANY a "Third Party Debt Collector"*, wherein *EVERHOME MORTGAGE COMPANY* began servicing the *MORTGAGE.*

806.   *THMC* did not sell the *MORTGAGE* to *EVERHOME MORTGAGE COMPANY* as a result *THMC* the owner of the *MORTGAGE*; at that time continued to be the owner of the *MORTGAGE.*

807.   NO documents were recorded with the Bexar County Clerk, Real Property Records division evidencing any sale or assignment concerning the *HOMESTEAD.*

808.   NO documents were ever provided to Plaintiff evidencing any sale or assignment.

809.   On or about May 1, 2010, Plaintiff fell behind on his mortgage payments.

810.   Plaintiff called *EVERHOME MORTGAGE COMPANY,* several times trying to learn more information about: a) foreclosure status, b) amount needed to bring mortgage current, c) loan modification status, and d) requesting an accounting.

811.   On or about January 18, 2011, Plaintiff began calling *HWA* trying to learn more information about: a) foreclosure status, b) amount needed to bring mortgage current, c) loan modification status, and d) requesting an accounting.

812.   On January 18, 2011, Dominique M. Varner, with *HWA* sent Plaintiff a letter concerning his mortgage.

813.   *HWA* sent Plaintiff other letters concerning his mortgage.

814.   *HWA* called Plaintiff concerning his mortgage.

815.   On September 4, 2012, the 57th Judicial District Court, Bexar County, Texas issued a Temporary Restraining Order, binding on *EVERHOME MORTGAGE COMPANY* and *HWA* restraining them from foreclosing on the *HOMESTEAD.*

**PLAINTIFF'S ORIGINAL PETITION
AND REQUEST FOR DISCLOSURE**                                              **6**

816.   On September 5, 2012, *EVERHOME MORTGAGE COMPANY* and *HWA* violated the valid Temporary Restraining Order and proceeded with a Substitute Trustee Deed foreclosing on the *HOMESTEAD*.

817.   As a result of the errors and omissions of *EVERHOME MORTGAGE COMPANY* and *HWA* Plaintiff's home was foreclosed upon on September 4, 2012.

818.   On September 17, 2012, the 57th Judicial District Court, Bexar County, Texas extended the original Temporary Restraining Order issued on September 4, 2012.

819.   On February 20, 2013, Jack O'Boyle and Mr. Ferguson filed a Notice to Vacate and Demand for Possession.

820.   On May 21, 2013, Jack O'Boyle and Mr. Ferguson filed a Forcible Entry Detainer.

821.   On July 26, 2013, a Trial on Merits was held in County Court at Law Number 5, Bexar County, Texas.

822.   The willful, wanton, and malicious actions of *EVERHOME MORTGAGE COMPANY* and *HWA* constitute unreasonable debt collection under Texas Law against Plaintiff.

823.   Plaintiff has disputed the debt with *EVERHOME MORTGAGE COMPANY* however *HWA* continued with its threats, foreclosure and collection efforts against Plaintiff.

824.   On more than one occasion Plaintiff has requested a complete accounting from *EVEHOME MORTGAGE COMPANY* and *HWA*, however *EVERHOME MORTGAGE COMPANY* and *HWA* has failed and refused to provide a complete accounting.

825.   On more than one occasion Plaintiff has requested an exact amount owed from *EVERHOME MORTGAGE COMPANY* and *HWA* however *EVEHOME MORTGAGE COMPANY* and *HWA* never provided him with an exact amount owed.

826.   On more than one occasion Plaintiff has requested the documents evidencing the

**PLAINTIFF'S ORIGINAL PETITION**
**AND REQUEST FOR DISCLOSURE**                                                    **7**

chain of title and holder in due course of the *MORTGAGE* however *EVERHOME MORTGAGE COMPANY* and *HWA* has failed and refused to provide the documentation requested.

827.   On or about January 18, 2018, *EVERHOME MORTGAGE COMPANY* hired *HWA*, a group of Third Party Debt Collector attorneys to pursue foreclosure and collection against Plaintiff.

828.   Plaintiff never received a demand letter requesting the payment of past due amounts which gives the borrower twenty (20) days to pay any past due amounts otherwise foreclosure proceedings will begin from *EVERHOME MORTGAGE COMPANY* or *HWA*.

829.   Plaintiff never received, at least twenty-one (21) days before any foreclosure sale, a notice of the foreclosure from either, *EVERHOME MORTGAGE COMPANY*, *HWA* or any substitute trustee.

830.   At least twenty-one (21) days before any foreclosure sale, a notice of foreclosure was not filed with the county clerk of Bexar County, Texas by either, *EVERHOME MORTGAGE COMPANY*, *HWA* or any substitute trustee.

831.   At least twenty-one (21) days before any foreclosure sale, a notice of foreclosure sale was not posted at the county court of Bexar County, Texas where the sale would occur by either, *EVERHOME MORTGAGE COMPANY*, *HWA* or any substitute trustee.

832.   Neither *EVERHOME MORTGAGE COMPANY*, *HWA* or any substitute trustee, provided the statutorily required notices required by §51.002 of the Texas Property Code and Deed of Trust dated January 29, 1987.

833.   The substitute trustee was appointed by *EVERHOME MORTGAGE COMPANY* on or about September 1, 2012; *MWA* and the substitute trustee held the foreclosure sale on

DOCUMENT SCANNED AS FILED

September 4, 2012; only three (3) days had elapsed from the day of the appointment of the substitute trustee and the foreclosure sale; as such it would have been impossible for *MWA* and the substitute trustee to at least twenty-one (21) days before any foreclosures sale: a) provide Plaintiff with a notice of foreclosure; b) file a notice of foreclosure with the clerk of Bexar County, Texas and c) post a notice of foreclosure at the county court of Bexar County, Texas.

834.   At no time did *MWA* provide Plaintiff with the statutorily required "validation notice" as required by 15 U.S.C. §1692a within five (5) days from the initial communication with the consumer which occurred on January 18, 2011.

835.   Plaintiff disputed the debt with *HWA* however *HWA* continued with its threats, foreclosure and collection efforts against Plaintiff without providing verification of the debt as required by law.

836.   On more than one occasion Plaintiff has requested a complete accounting from *HWA*, however *HWA* has failed and refused to provide a complete accounting.

837.   On more than one occasion Plaintiff has requested the documents evidencing the chain of title and holder in due course of the *MORTGAGE* however *HWA* has failed and refused to provide the documentation requested.

838.   *HWA* and *HWA* continues, their "third party debt collection" efforts against Plaintiff using fraudulent documentation.

839.   *EVERHOME MORTGAGE COMPANY* and *HWA* continue to this day their willful, wanton and malicious debt collection acts against Plaintiff which constitute unreasonable debt collection under Texas Law.

DOCUMENT SCANNED AS FILED

## IX. DAMAGES

901.   As a direct and proximate consequence of Defendant's unreasonable debt collection policies and practices, Plaintiff has suffered losses including, but not limited to, loss of his real property fair market valued at: One Hundred Thirty Eight Thousand Six Hundred Ninety Dollars and No Cents **($138,690.00)**, cost of new acquiring a new residence, cost of moving, costs of court, service fees, expert fees and attorney fees, mediation fees, One Hundred Thousand Dollars **($100,000.00)** in damages for mental anguish, humiliation and emotional distress in the past and future, prejudgment and post judgment interest, statutory damages pursuant to 15 U.S.C. §1692k of One Thousand Dollars **($1,000.00)** per each violation, special damages, expenses, general damages, actual damages, liquidated damages all to be specified at trial and Two Hundred Fifty Thousand Dollars **($250,000.00)** in exemplary damages and any injunctive relief deemed appropriate and available under the statute which Plaintiff brings this action.

## X. CAUSES OF ACTION

### COUNT ONE
### SLANDER OF TITLE AND WRONGFUL FORECLOSURE

1001.  Plaintiff restates and realleges Paragraphs 701 through 715.

1002.  *EVERHOME* and *HWA* wrongfully foreclosed on the *HOMESTEAD*. *EVERHOME* and *HWA* have violated the Texas Constitution, Texas Property Code and breached the Deed of Trust contract.

1003.  Plaintiff restates and realleges Paragraphs 801 through 839.

1004.  The foreclosure was improper because on September 5, 2012, *EVERHOME MORTGAGE COMPANY* and *HWA* violated the valid Temporary Restraining Order and

---

**PLAINTIFF'S ORIGINAL PETITION**
**AND REQUEST FOR DISCLOSURE**                                              10

proceeded with a Substitute Trustee Deed foreclosing on the *HOMESTEAD*.

1005. In the alternative, the foreclosure was improper because Plaintiff never received an acceleration notice or notice of trustee's sale.

1006. *EVERHOME* and *HWA* were not authorized to accelerate or foreclose if not so permitted by the Deed of Trust.  Based upon information and belief, *EVERHOME* was the servicer for *TEXAS HOMESTEAD MORTGAGE COMPANY* and *TEXAS HOMESTEAD MORTGAGE COMPANY* was the investor and holder of the note.  As such *EVERHOME*'s appointment of a substitute trustee was in violation of the Deed of Trust.

1007. The demands made in connection therewith, and the actions taken to accelerate and post the property for foreclosure were made unlawfully and in violation of applicable state and federal statutes.

1008. In the alternative, *EVERHOME* and *HWA* waiver their right to accelerate and foreclose and are estopped to confirm the validity of the sale.  *Bodiford v. Parker*, 651 S.W.2d 338 (Tex. App. – Fort Worth 1983); *Dhanani Inv., Inc. v. Second Master Bilt Homes, Inc.*, 650 S.W.2d 220 (Tex. App. – Fort Worth 1983); *McGowan v. Pasol*, 605 S.W.2d 728 (Tex. Civ. App. – Corpus Christi 1980); *Vaughn v. Crown Plumbing & Sewer Serv., Inc.*, 523 S.W.2d 72 (Tex. Civ. App.-Houston [1st Dist.] 1975).  See also: *John Hancock Mut. Life Ins. Co. v. Howard*, 85 S.W.2d 986 (Tex. Civ. App. – Waco 1935, writ ref'd).

1009. As a proximate result of the foregoing wrongful acceleration and wrongful foreclosure by *EVERHOME* and *HWA*, Plaintiff has incurred damages as outlined in Section IX above.

---

DOCUMENT SCANNED AS FILED

### COUNT TWO
### BREACH OF CONTRACT

1010. Plaintiff restates and realleges Paragraphs 701 through 839.

1011. The breach of contract, the anticipatory breach of the contract, and negligent misrepresentation, as set forth above were a proximate cause of Plaintiff's damages as outlined in Section IX.

### COUNT THREE
### SUIT TO QUIET TITLE AND TRESPASS TO TRY TITLE

1012. Plaintiff restates and realleges Paragraphs 701 through 1011.

1013. Plaintiff has superior title to the property.  Upon information and belief, *TEXAS HOMESTEAD MORTGAGE COMPANY* was the investor and holder of the note and *EVERHOME* was the servicer for the note.  *EVERHOME* the servicer appointed the substitute trustee in violation of the Deed of Trust contract on the property. *See: Nicholson v. Washington Mutual, F.A.*, 2001 WL 1002418 (Tex. App.-Corpus Christi 2001) (not designated for publication).  *EVERHOME* violated the Real Estate Settlement and Procedures Act and the Deed of Trust contract, which incorporates the Real Estate Settlement and Procedures Act.  Therefore the foreclosure was not pursuant to the terms of the Deed of Trust and should be set aside, and title and possession awarded to Plaintiff. There is no landlord/tenant-at-sufferance relationship between Plaintiff and Defendants.

1014. Furthermore, the failure to comply with the Tex. Prop. Code §51.002 renders the sale void.

1015. In the alternative, *EVERHOME* waived its right to accelerate and foreclose and are estopped to confirm the validity of the sale. *Bodiford v. Parker*, 651 S.W.2d 338 (Tex. App. – Fort Worth 1983); *Dhanani Inv., Inc. v. Second Master Bilt Homes, Inc.*, 650 S.W.2d 220

---

DOCUMENT SCANNED AS FILED

(Tex. App. – Fort Worth 1983); *McGowan v. Pasol*, 605 S.W.2d 728 (Tex. Civ. App. – Corpus Christi 1980); *Vaughn v. Crown Plumbing & Sewer Serv., Inc.*, 523 S.W.2d 72 (Tex. Civ. App.-Houston [1st Dist.] 1975).  See also: *John Hancock Mut. Life Ins. Co. v. Howard*, 85 S.W.2d 986 (Tex. Civ. App. – Waco 1935, writ ref'd).

1016. *EVERHOME's* claim to the title and possession of the Property are improper, and Plaintiff seeks the judgment of the Court to quiet Plaintiff's claim and award and declare, clear and uncontested title and possession of the property to Plaintiff.

1017. As a proximate result of the foregoing actions of *EVERHOME* and *HWA*, Plaintiff has incurred damages as outlined in Section IX above.

### COUNT FOUR
### AGAINST DEFENDANT "EVERHOME" ONLY
### USURIOUS

1018. Plaintiff restates and realleges Paragraphs 701 through 839.

1019. As an alternative and separate cause of action Plaintiff seeks redress from *EVERHOME* through the actual wrongful foreclosure because such acceleration of the Promissory Note creates a usurious situation.

1020. *EVERHOME's*, claims are barred, in whole or in part, by application of the Texas usury law.  The promissory note on which *EVERHOME*, rely provides that Plaintiff was to pay the note holder in due course in a certain amount in installments per month over a period of years.  The amount of interest included in the monthly installment payments as provided for in the note was less than ten percent (10%).  By accelerating Plaintiff's repayment, the note holder in due course effectively charged Plaintiff an interest rate in excess of eighteen percent (18%), in violation of Tex. Fin. Code §303.003.

1021. Plaintiff seeks a full accounting of all payments made against the promissory note.

**PLAINTIFF'S ORIGINAL PETITION**
**AND REQUEST FOR DISCLOSURE**                                                    **13**

DOCUMENT SCANNED AS FILED

1120. Plaintiff seeks a full accounting of all principal, interest, late fees, costs, expenses, attorney's fees and other charges applied to the promissory note.

1021. Plaintiff therefore seeks recovery of damages as outlined in Section IX.

### COUNT FIVE
### BREACH OF COMMON LAW TORT OF UNREASONABLE COLLECTION EFFORTS

1022. Plaintiff restates and realleges Paragraphs 701 through 839.

1023. This is a cause of action for the commission of unreasonable collection efforts in violation of the common law of the State of Texas.

1024. By such willful, wanton, and malicious actions and course of conduct, whereby *EVERHOME MORTGAGE COMPANY* and *HWA* wrongfully placed property in foreclosure and based on information and belief imposed numerous additional charges upon Plaintiff's mortgage loan account, *EVERHOME MORTGAGE COMPANY* and *HWA* have slandered Plaintiff's credit reputation, defamed his credit and exposed him to ridicule in the community, thereby causing him further economic damages. Additionally, as set forth above, Plaintiff has suffered extreme and severe mental anguish and emotional distress resulting in the loss of income and mental suffering.

1025. Such acts and practices of *EVERHOME MORTGAGE COMPANY* and *HWA* has been unreasonable and have violated the ordinary standard of care required of mortgage loan companies and "Third Party Debt Collectors" which breach of duty has proximately caused damages to Plaintiff exceeding the minimal jurisdictional limits of this Court. Plaintiff therefore seeks recovery of damages as outlined in Section IX.

### COUNT SIX
### TEXAS DEBT COLLECTION PRACTICES ACT
### FAIR DEBT COLLECTION PRACTICES ACT
### TEXAS DECEPTIVE TRADE PRACTICES ACT

DOCUMENT SCANNED AS FILED

1026. Plaintiff restates and realleges Paragraphs 701 through 839.

1027. *EVERHOME MORTGAGE COMPANY* and *HWA* are third party debt collectors as defined by the Texas Debt Collection Act chapter 392, et. seq., Texas Finance Code and the Fair Debt Collection Act 15 U.S.C. § 1692 et. seq. as *EVERHOME MORTGAGE COMPANY* and *HWA* are attempting to collect debts which they do not directly own and are attempting to collect debts owned by others.

1028. *EVERHOME MORTGAGE COMPANY* and *HWA* attempting to collect and foreclose on others consumer debt is required to comply with the FDCPA. *See:* Tex. Fin. Code Ann. §392.001(3), (5) and (6) (Vernon Supp. 2003).

1029. *EVERHOME MORTGAGE COMPANY* in its normal course of business to comply with the Fair Debt Collection Practices Act: a) conducts regular FDCPA training; b) has script for its employees who are on the telephone to read that informs consumers *EVERHOME MORTGAGE COMPANY* is a debt collector; and c) places validation notices on its correspondence with debtors, among other things.

1030. *HWA* in its normal course of business to comply with the Fair Debt Collection Practices Act: a) when you call *HWA* on their main telephone number of (713) 759-0818 the recording for its auto attendant informs callers that *HWA* is subject to the FDCPA and gives callers the required FDCPA notice 15 U.S.C. §1692e(11).

1031. *HWA* in its normal course of business in attempt to comply with the Fair Debt Collection Practices Act: a) *HWA* conducts regular FDCPA training of its non-attorney employees.

1032. In Firestone v. McCarthy, Holthus & Ackerman, LLP, civil action no. A-12-CV-286-

DOCUMENT SCANNED AS FILED

LY, Report and Recommendation of the United States Magistrate Judge, (Doc. 10) dated August 1, 2012; in a real estate foreclosure matter, the United States Magistrate Judge Mark Lane found *HWA* to be a "debt collector" which recommendation was adopted by Order (Doc. 12) from the United States District Judge Lee Yeakel dated August 24, 2012. Contrast the conduct of *HWA* with the conduct of *HWA* in this case which conduct is almost exactly the same, as such *HWA* is a "debt collector" in this case.

1033. *HWA* employs non-attorney personnel who engage in debt collection.  Tex. Fin. Code Ann. §392.001(7) (Vernon Supp. 2003).

1034.  *EVERHOME MORTGAGE COMPANY* and *HWA* are actually third party "debt collectors" who must bring their action against Plaintiff in the judicial district which the consumer signed the contract sued on or in which the consumer resides at the commencement of the action.  *See:* 15 U.S.C.A. §1692i(a)(West 1998).  This requirement preempts any contrary provision of state law.  *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

1035. *EVERHOME MORTGAGE COMPANY* and *HWA* correspondence with Plaintiff did not contain the written validation of debt statement as required by 15 U.S.C.A. §1692g(a)(West 1998).

1036. Representatives from *EVERHOME MORTGAGE COMPANY* and *HWA* when calling Plaintiff and when Plaintiff called them did not disclose that its oral communications were to collect a debt, that information received will be used for debt collection and that it is a debt collector which omissions violate 15 U.S.C.A. § 1692e(11).

1037. *EVERHOME MORTGAGE COMPANY* and *HWA* falsely represented the Character, Amount and Legal Status of Plaintiffs' alleged debt in violation of 15 U.S.C.A. §

DOCUMENT SCANNED AS FILED

1692e(2)(A).

1038. *EVERHOME MORTGAGE COMPANY* and *HWA* failed to disclose that any of its written communications were to collect a debt, that information received will be used for debt collection and that it is a debt collector which omissions violate 15 U.S.C.A. § 1692e(11).

1039. *HWA* knowing that it is a "third party debt collector" as defined by both State and Federal Statute filed its bond number RSB542246 issued by RLI Insurance Company with the Texas Secretary of State as required by Texas State Law, which complies with both 15 U.S.C.A. §1692, et. seq. and Chapter 392 of the Texas Finance Code.

1040. Plaintiff seeks the following relief provided by Tex. Fin. Code. Ann. §392.403 (Vernon 1998) for each violation:

    a.    Injunctive relief; and

    b.    actual damages; and

    c.    attorney's fees; and

    d.    costs of court

1041. Plaintiff seeks the following relief provided by the Fair Debt Collection Practices Act 15 U.S.C.A. 1692k, et. seq. for each violation:

    a. actual damages; and

    b. statutory damages of One Thousand Dollars ($1,000.00) for each violation; and

    c. attorney's fees; and

    d. costs of court

1042. If the Court finds the debt collection and/or foreclosure action was brought in bad faith or for the purposes of harassment, it must award Plaintiff its attorney's fees reasonably

---

**PLAINTIFF'S ORIGINAL PETITION**
**AND REQUEST FOR DISCLOSURE**        **17**

DOCUMENT SCANNED AS FILED

related to the work performed and costs.  Tex. Fin. Code Ann. §392.403(c) (Vernon 1998); *see also: Sifuentes v. Carrillo*, 982 S.W.2d 500 (Tex. App. – San Antonio 1998, pet. denied).

1043. *EVERHOME MORTGAGE COMPANY* and *HWA*'s violation of the Debt Collection Act is also an automatic violation of the Deceptive Trade Practices-Consumer Protection Act (DTPA).  Tex. Fin. Code. Ann. 392-404(a) (Vernon 1998).

1044. Under the DTPA a Debt Collection Act violation is not subject to the limitations on damages imposed by the 1995 amendments to the DTPA.  Tex. Bus. & Com. Code Ann. §17.50(h) (Vernon 2002).

1045. *EVERHOME MORTGAGE COMPANY* and *HWA*'s unlawful actions damaged Plaintiff in an amount which exceeds the minimum jurisdiction of this court.

1046. As a result of *EVERHOME MORTGAGE COMPANY* and *HWA*'s unlawful actions Plaintiff has been damaged and sees recovery in an amount which exceeds the minimum jurisdiction of this Court as outlined in Section IX.

### COUNT SEVEN
### NEGLIGENCE

1047. Plaintiff restates and realleges Paragraphs 701 through 839.

1048. *EVERHOME MORTGAGE COMPANY* and *HWA* owed a legal duty to Plaintiff. *EVERHOME MORTGAGE COMPANY* and *HWA* were to ensure that their collection attempts were well supported with the exact amounts actually due, if any and to comply with both State and Federal law, among other things.

1049. *EVERHOME MORTGAGE COMPANY* and *HWA* breached the duty to Plaintiff by a) not ensuring their collection attempts were well supported with the exact amounts actually

---

DOCUMENT SCANNED AS FILED

due, if any; b) they ignored a valid temporary restraining order; c) they caused an unlawful

foreclosure to take place; d) they failed to comply with the law of the State of Texas; and e)

they failed to comply with the laws of the United States.

1048. *EVERHOME MORTGAGE COMPANY* and *HWA*'s breach of duty proximately

caused injury to Plaintiff, which resulted in the damages outlined in Section IX above.

1049. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

### XI. ACCOUNTING

1101. Plaintiff requests an Order for an accounting of all transactions concerning his

mortgage loan.

### XII. DECLARATORY JUDGMENT

1201. Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiff

respectfully requests that this Court consider the terms of the Deed of Trust contract and

find that Plaintiff has not materially breached the Deed of Trust contract on the property,

and that Defendants wrongfully foreclosed on Plaintiff's HOMESTEAD.

### XIII.  TEMPORARY AND PERMANENT INJUNCTION

1301. Plaintiff restates, realleges, reavers and hereby incorporates by reference any and

all allegations of Paragraphs 701 through 839, inclusive, herein.

1302. Based on the facts above, pursuant to Rule 680 of the Texas Rules of Civil

Procedure, Plaintiff seeks a temporary and after trial a permanent injunction requiring

*EVERHOME MORTGAGE COMPANY* and *HWA*, or any person or entity acting in concert

with them, including but not limited to their attorneys, agents, servants, servicers,

employees, successors, heirs, and assigns, to desist and refrain from entering and taking

possession of the *HOMESTEAD* or otherwise interfering with Plaintiff's rights to the quiet

DOCUMENT SCANNED AS FILED

enjoyment and use of the *HOMESTEAD,* proceeding with or attempting to sell or foreclose upon the HOMESTEAD; and, attempting to purchase, transfer, assign, or collect on the alleged *MORTGAGE*, notes and deeds.

### XIV. DEMAND FOR A TRIAL BY JURY

1401.   Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### XV. PRAYER

**WHEREFORE**, Plaintiff respectfully prays this Court to:

a.  Have Defendants and each of them be summoned to appear and answer herein;

b.  Issue findings of fact and conclusions of law that Defendants, joint and several, acts, practices and procedures, committed a breach of Common Law Tort of Unreasonable Collection Efforts, violations of the Texas Debt Collection Act, the Fair Debt Collection Practices Act as complained of herein causing damages; and
Issue findings of fact and conclusions of law that Defendants, joint and several, acts, practices and procedures, on or about September 17, 2012, violated the Temporary Restraining Order issued on September 4, 2012 by the 57th Judicial District Court sitting in Bexar County, Texas; and

c.  Issue findings of fact and conclusions of law that Defendants, joint and several, acts, practices and procedures, constituted a wrongful foreclosure as complained of herein causing damages; and

d.  Issue findings of fact and conclusions of law that Defendants, joint and several, acts, practices and procedures, were Negligent toward Plaintiff as complained of herein causing Plaintiff damages; and

e.  Grant to Plaintiff a temporary injunction enjoining Defendants, jointly and severally,

DOCUMENT SCANNED AS FILED

its officers, gents, successors, employees, attorneys, assigns and other representatives, and all those acting in concert; or participation with them and at their direction, from engaging in any foreclosure action against Plaintiff and any debt collection actions against Plaintiff;

f.  A temporary injunction be issued enjoining and restraining Defendants, jointly and severally, or any person or entity acting in concert with it, including but not limited to its attorneys, agents, servants, employees, successors, heirs, and assigns, to desist and refrain from entering and taking possession of the *HOMESTEAD* real property described in section two above or otherwise interfering with Plaintiff's right to the quiet enjoyment and use of the real property described in section three above; proceeding with or attempting to sell or foreclose upon the *HOMESTEAD* real property described in section three above, and attempting to purchase, transfer, assign, or collect on the alleged first mortgage, line of credit, note or deed; and

g.  Grant to Plaintiff a permanent injunction enjoining Defendants, jointly and severally, its officers, gents, successors, employees, attorneys, assigns and other representatives, and all those acting in concert; or participation with them and at their direction, from engaging in any foreclosure action against Plaintiff and any debt collection actions against Plaintiff;

h.  A permanent injunction be issued enjoining and restraining Defendants, jointly and severally, or any person or entity acting in concert with it, including but not limited to its attorneys, agents, servants, employees, successors, heirs, and assigns, to desist and refrain from entering and taking possession of the *HOMESTEAD* real property described in section three above or otherwise interfering with Plaintiff's right to the

**PLAINTIFF'S ORIGINAL PETITION**
**AND REQUEST FOR DISCLOSURE**                                          21

quiet enjoyment and use of the real property described in section three above; proceeding with or attempting to sell or foreclose upon the *HOMESTEAD* real property described in section three above, and attempting to purchase, transfer, assign, or collect on the alleged first mortgage, line of credit, note or deed; and

i. Declare *EVERHOME MORTGAGE COMPANY* claim as Note holder or possessor is invalid and unenforceable, and quite title in the Plaintiffs name;

j. Declare Defendants, jointly and severally, have no interest in the *HOMESTEAD* and quiet title in the Plaintiffs name;

k. Grant to Plaintiff a judgment against Defendants, jointly and severally, for actual damages in the amount of One Hundred Thirty Eight Thousand Six Hundred Ninety Dollars and No Cents **($138,690.00)** in actual liquidated damages;

l. Grant Plaintiff a judgment against Defendants, jointly and severally, for actual damages, statutory and other damages for violation of the Fair Debt Collection Practices Act and Texas Debt Collection Act in an amount exceeding the minimal jurisdiction of the Court;

m. Retain jurisdiction over this action to assure full compliance with the orders of this Court and with applicable law;

n. Award Plaintiff judgment for his damages for pain and suffering, mental anguish and for the humiliation caused by Defendant's unlawful treatment in the amount of One Hundred Thousand Dollars **($100,000.00)** or more;

o. Plaintiff prays for an award of punitive damages in an amount believed by the court to be appropriate to punish Defendant for the willful and malicious misconduct and necessary to deter Defendant from engaging in such misconduct in the future, in the

---

**PLAINTIFF'S ORIGINAL PETITION**
**AND REQUEST FOR DISCLOSURE**                                                      **22**

DOCUMENT SCANNED AS FILED

amount of Two Hundred Fifty Thousand Dollars (**$250,000.00**) or more;

p.  Plaintiff prays that the Court award Plaintiff costs and expenses of this action and award Plaintiff reasonable attorney fees as provided contract and by the Texas States Constitution Fair Debt Collection Practices Act and or like Texas State Statutes;

q.  Alternatively, in the absence of an order for Wrongful Foreclosure giving possession of the *HOMESTEAD* back to Plaintiff, Plaintiff seeks an award of judgment against Defendants, jointly and severally, for his loss of the *HOMESTEAD* to redress the discriminatory practices complained of herein, in an amount not less than One Hundred Thirty Eight Thousand Six Hundred Ninety Dollars and No Cents (**$138,690.00**) at the time of filing;

r.  Plaintiff, in accordance with his rights under the United States and Texas Constitutions, and or like state statutes demands a trial by jury on issues triable to a jury;

s.  Pre-judgment interest accruing at the rate of Six per cent (6%) per annum[1] from September 4, 2012 until the date of judgment;

t.  Post-judgment interest at the rate of Eighteen per cent (18%) per annum or at the highest legal or contractual rate allowed by law from the date of judgment until the judgment is paid;

u.  Judgment in the amount of Seventy Five Thousand Dollars (**$75,000.00**) as initial attorney's fees plus additional attorney's fees when incurred in prosecution of this

---

[1] If no specific rate of interest is agreed on by the parties, 6 percent annual interest, starting thirty days after the amount is due and payable, maybe charged.  Tex. Const. art. XVI, § 11; Tex. Fin. Code Ann. §302.002 (Vernon Supp. 2003); see: *Miner-Dederick Construction Corp. v. Mid-County Rental Service, Inc.*, 603 S.W.2d 193, 200 (Tex. 1980).  This is sometimes referred to as "legal interest."  T Fin C §§ 301.002(a)(8), 302.002.

**PLAINTIFF'S ORIGINAL PETITION**
**AND REQUEST FOR DISCLOSURE**                                                            **23**

DOCUMENT SCANNED AS FILED

lawsuit, if Defendant does not appeal this judgment this to the Circuit Court of Appeals and time for appeal to that court has expired, Defendant shall be entitled to a remittitur of Five Thousand Five Hundred Dollars ($5,500.00), against the judgment for attorney's fees; and if Defendant does not appeal from the Court of Appeals to the Supreme Court and time for that appeal has expired, Defendant shall be entitled to a remittitur of Four Thousand Five Hundred Dollars ($4,500.00) against the judgment for attorney's fees;

v. All costs of court;

w. All expert witness fees incurred in the preparation and prosecution of this action;

x. All court reporter fees incurred in the preparation and prosecution of this action;

y. Plaintiff be granted all writs necessary to enforce the judgment of this Court; and

z. Plaintiff be awarded such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, or proper by the Court.

DATED this 14th day of December, 2015.

**Odis Spencer**, Pro Se, Plaintiff
7403 Cinnabar Trail
San Antonio, Texas 78244
Tel: (210) 863-1421

**PLAINTIFF'S ORIGINAL PETITION
AND REQUEST FOR DISCLOSURE**

DOCUMENT SCANNED AS FILED