IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ODIS SPENCER | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:16-CV-00062-DAE |
| | § | |
| | § | |
| HUGHES WATTERS ASKANASE LLP, | § | |
| AND EVERHOME MORTGAGE | § | |
| COMPANY | § | |
|     Defendants | § | |

## HWA'S RULE 12(b)(6) MOTION TO DISMISS
## AND BRIEF IN SUPPORT

Defendant Hughes Watters Askanase, LLP ("HWA") moves to dismiss Plaintiff's claims against HWA for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P.

1.  Rather than repeat the contents of EverBank's Motion to Dismiss which was filed January 28, 2015 (Doc. 3), HWA is adopting EverBank's Motion as set forth below. Additionally, and more fundamentally, HWA moves to dismiss the Complaint on res judicata grounds as the same claims against HWA were dismissed with prejudice by Spencer only a few months ago.

2.  This is the latest in a string of lawsuits filed by Plaintiff against EverBank and HWA. Plaintiff sued HWA and others in Cause No. 5:15-CV-00233-XR ("Prior HWA Lawsuit").[1] In the Prior HWA Lawsuit, Plaintiff alleged claims, *inter alia*, based on a September 2012 foreclosure and an eviction proceeding derived from the foreclosure.[2] Plaintiff amended his complaint on May 19, 2015, to allege claims for violation of the FDCPA, fraud and

---

[1] The Court is requested to take judicial notice of its files in that suit. Fed. R. Evid. 201.
[2] Cause No. 5-15-CV-00233-XR, Doc. 1-4.

misrepresentation, DTPA, violation of Chapter 12 of the Texas Civil Practice and Remedies Code, and intentional tort.[3]  On September 23, 2015, Plaintiff filed a Motion for Voluntary Dismissal with prejudice[4], and on September 24, 2015, Judge Rodriguez entered an Order dismissing Plaintiff's claims against HWA *with prejudice*.[5]  Plaintiff did not appeal.  Because Plaintiff's claims against HWA were dismissed with prejudice in the Prior HWA Lawsuit, Plaintiff's claims against HWA here are barred by *res judicata*.

3. Res judicata "precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action."[6]  Res judicata has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions."[7]

4. In this and the Prior HWA Lawsuit, Plaintiff complained about a September 2012 foreclosure of the Property located at 7403 Cinnabar Trail, San Antonio, Texas 78244 (the "Property").[8]

5. Odis Spencer was the Plaintiff in the Prior HWA Lawsuit and in this lawsuit.[9]  HWA is a defendant in both.

---

[3] Cause No. 5-15-CV-00233-XR, Doc. 11, attached as <u>Exhibit A</u> for convenience of the court.
[4] Cause No. 5-15-CV-00233-XR, Doc. 28, attached as <u>Exhibit B</u>.
[5] Cause No. 5-15-CV-00233-XR, Doc. 29, attached as <u>Exhibit C</u>.
[6] *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) (citation omitted).
[7] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted).
[8] Cause No. 5-15-CV-00233-XR, Doc. 11, ¶¶8-9; *see* Complaint at ¶¶201, 301.
[9] Cause No. 5-15-CV-00233-XR, Doc. 11, at p.1; *see* Complaint at p.1.

6.     The judgment in the prior action was rendered by a court of competent jurisdiction. The United States District Court for the Western District of Texas, was clearly a court of competent jurisdiction.[10]

7.     The same claims or causes of action were involved in both actions. Whether a subsequent suit involves the same claim or cause of action is determined by the transactional test.[11] Under the transactional test, "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose.[12]

8.     In the Prior HWA Lawsuit, Plaintiff asserted claims against HWA based on an allegedly improper September 2012 foreclosure sale of the Property.[13] Plaintiff also asserted claims regarding eviction proceedings that derived from the foreclosure. Here, Plaintiff again complains of the September 2012 foreclosure sale of the Property.[14] Both suits thus arise out of the same transaction or series of connected transactions. Plaintiff's claims against HWA arise out of the same transaction, or series of connected transactions, as those made the bases of the Prior HWA Lawsuit. Plaintiff's claims against HWA are barred by res judicata.

9.     For these reasons, Spencer's claims against HWA should be dismissed with prejudice.

---

[10] Cause No. 5-15-CV-00233-XR, Doc. 1, at p.2 (removal under federal question jurisdiction).
[11] *Cuauhtli v. Chase Home Finance, LLC*, 308 Fed. App'x 772, 774 (5th Cir. 2009).
[12] *Id.*
[13] Cause No. 5-15-CV-00233-XR, Doc. 11, ¶¶8-10, 33, 35-37,
[14] *E.g.*, Complaint, ¶¶815-817; 1002-1009 (complaining that the September 2012 foreclosure sale was wrongful); 1001 (relying on the alleged wrongful foreclosure for his breach of contract claim); 1013-1017 (complaining of the September 2012 foreclosure in connection with his claim for quiet title/ trespass to try title); 1023-1025 (complaining of the September 2012 foreclosure in connection with his claim for breach of common law tort of unreasonable collection); 1027-1046 (complaining of communications involved with the September 2012 foreclosure sale); 1047-1049 (complaining of the September 2012 foreclosure sale in connection with his negligence claim; 1201 (complaining of the September 2012 foreclosure sale regarding declaratory judgment claim); 1301-1302 (complaining about the foreclosure).

10. Alternatively, HWA moves for dismissal under Rule 12(b)(6) on the grounds made the basis of EverBank's Motion to Dismiss.

## No Claim for Slander of Title is Stated Against HWA

11. For the same reasons Spencer's claims against EverBank fail, no claim for slander of title is stated against HWA.[15]  Plaintiff merely lumped the two defendants together without differentiation.  *See* Complaint, ¶¶1001-1009.

## No Claim is Stated for Wrongful Foreclosure

12. For the same reasons Spencer's claims against EverBank fail, no wrongful foreclosure claim is stated against HWA, except HWA was not a party to the summary judgment referenced.[16]  Plaintiff merely lumped the two defendants together without differentiation.[17]  *See* Complaint, ¶¶1001-1009.

## No Claim is Stated for Breach of Contract

13. No contracts exist between HWA and Spencer, and none were asserted.  *See* Complaint, ¶¶1010-1011.  For the same reasons Spencer's claims against EverBank fail, no breach of contract claim is stated against HWA.[18]

---

[15] *See* EverBank Motion to Dismiss, ¶¶10-12, which HWA incorporates in support of its motion.
[16] *See* EverBank Motion to Dismiss, ¶¶13-15, which HWA incorporates in support of its motion.
[17] *See* EverBank Motion to Dismiss, ¶15.
[18] *See* EverBank Motion to Dismiss, ¶¶16-17, which HWA incorporates in support of its motion .

### No Claim for Quieting Title or Trespass to Try Title

14. HWA is not mentioned in Plaintiff's conclusory accusations regarding these causes of action. *See* Complaint, ¶¶1012-1016. For the same reasons Spencer's claims against EverBank fail, no claim for quieting title or trespass to try title is stated against HWA.[19]

### Usury

15. Plaintiff made no usury allegations against HWA. *See* Complaint, ¶¶1018-1021 [sic].

### No Claim for Common Law Tort of Unreasonable Debt Collection

16. For the same reasons Spencer's claims against EverBank fail, no common law claim for unreasonable debt collection is stated against HWA.[20] Plaintiff merely lumped the two defendants together without differentiation. *See* Complaint, ¶¶1022-1025. Additionally, the state law debt collection claims are barred by the two (2) year statute of limitations.[21]

### No Claim for Violation of Texas Debt Collection Act

17. For the same reasons Spencer's claims (Complaint, ¶¶1026-1049) under the TDCA against EverBank fail, no TDCA claim is stated against HWA.[22]

---

[19] *See* EverBank Motion to Dismiss, ¶¶18-23, which HWA incorporates in support of its motion.
[20] *See* EverBank Motion to Dismiss, ¶¶27-29, which HWA incorporates in support of its motion.
[21] Tex. Civ. Prac. & Rem. Code §16.003; *see also Southwestern Bell Telephone Co. v. Wilson*, 768 S.W.2d 755, 761 (Tex. App. – Corpus Christi 1988, writ denied); *Duzich v. Marine Office of America Corp.*, 980 S.W.2d 857, 872 (Tex. App. – Corpus Christi 1998, writ denied).
[22] *See* EverBank Motion to Dismiss, ¶¶30-31, which HWA incorporates in support of its motion.

### No FDCPA Claim

18.For the same reasons Spencer's FDCPA claims (Complaint, ¶¶1026-1049) against EverBank fail, no FDCPA claim is stated against HWA.[23]

### No DTPA Claim

19.For the same reasons Spencer's DTPA claims (Complaint, ¶¶1026-1049) against EverBank fail, no DTPA claim is stated against HWA.[24]

### Accounting

20.For the same reasons Spencer's claim for accounting against EverBank fails, no claim is stated against HWA.[25]  HWA is not even mentioned.  *See* Complaint, ¶1101.

### No Negligence Claim

21.For the same reasons Spencer's negligence claim (Complaint, ¶1047-1049) against EverBank fails, no negligence claim is stated against HWA.[26]

### No Claim for Declaratory Judgment

22.For the same reasons Spencer's declaratory judgment claims (Complaint, ¶1201) against EverBank fail, no claim is stated against HWA.[27]

---

[23] *See* EverBank Motion to Dismiss, ¶32.
[24] *See* EverBank Motion to Dismiss, ¶¶33-37, which HWA incorporates in support of its motion.
[25] *See* EverBank Motion to Dismiss, ¶¶38-39, which HWA incorporates in support of its motion.
[26] *See* EverBank Motion to Dismiss, ¶40, which HWA incorporates in support of its motion.
[27] *See* EverBank Motion to Dismiss, ¶41, which HWA incorporates in support of its motion.

**No Right to Injunctive Relief**

23. For the same reasons Spencer's claims (Complaint, ¶1301-1302) for injunctive relief against EverBank fail, no claim for injunctive relief is stated against HWA.[28]

**PRAYER**

WHEREFORE, for all the reasons stated above and in the Motion to Dismiss filed by EverBank which HWA adopted as stated, Defendant HUGHES WATTERS ASKANASE, LLP requests that Plaintiff's claims be dismissed with prejudice and for such other and further relief to which it may be entitled.

Respectfully submitted,

HUGHES WATTERS ASKANASE, LLP

___//s// C. Ed Harrell _____
C. Ed Harrell
eharrell@hwa.com
TBN: 09042500
Total Plaza
1201 Louisiana, 28th Floor
Houston TX 77002
(713) 759-0818 Telephone
(713) 759-6834 Telecopier

**ATTORNEYS FOR DEFENDANT,
HUGHES WATTERS ASKANASE, LLP**

---

[28] *See* EverBank Motion to Dismiss, ¶42, which HWA incorporates in support of its motion.

## **CERTIFICATE OF SERVICE**

 I hereby certify that on January 29, 2016, a true and correct copy of the foregoing document was served upon all parties as follows:

Plaintiff, Odis Spencer *Pro Se*
7403 Cinnabar Trail
San Antonio, Texas 78244
*Via Certified Mail, RRR*
*And Regular Mail, Postage Prepaid*
*And Electronic Service and*
*Via Electronic Service - R3Oscar@aol.com*


Charles Curran
SettlePou
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
*Via Electronic Service – ccurran@settlepou.com*


            *//s// C. Ed Harrell*_____
            C. Ed Harrell