UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ODIS SPENCER, | § | No. 5:16-CV-062-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| HUGHES WATTERS ASKANASE, | § | |
| LLP, and EVERHOME MORTGAGE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

ORDER GRANTING MOTIONS TO DISMISS

Before the Court are four motions: (1) a Motion to Dismiss filed by

Everhome Mortgage Company ("Everhome") (Dkt. # 3); (2) a Motion to Dismiss

filed by Hughes Watters Askanase LLP ("HWA") (Dkt. # 5); and (3) two Motions

to Remand filed by Odis Spencer[1] ("Plaintiff" or "Spencer") (Dkts. ## 11, 15).

The Court will refer to Everhome and HWA collectively as "Defendants."

Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition

without a hearing. Upon careful consideration of the memoranda filed in support

of and in opposition to the motions, the Court, for the reasons that follow,

---

[1] Mr. Spencer is pro se.

1

**DENIES** Plaintiff's Motions to Remand (Dkts. ## 11, 15) and **GRANTS**

Defendants' Motions to Dismiss (Dkts. ## 3, 5.)

BACKGROUND

This case arises out of a foreclosure and subsequent litigation

involving four lawsuits about property located at 7403 Cinnabar Trail, San

Antonio, Texas 78244 ("the Property").  ("Orig. Pet." Dkt. # 1-3.)

On January 29, 1987, Defendant and his wife Angela Spencer[2]

executed a Promissory Note and a Deed of Trust (collectively "the Deed") in favor

of Texas Homestead Mortgage Company to secure a loan in the amount of

$ 96,350.  (Dkt. # 4-5.)  That same day Texas Homestead Mortgage Company

assigned the Deed to Mortgage and Trust, Inc.  (Dkt. # 4-6.)  On June 27, 1990,

multiple assignments of the Deed occurred: first, Mortgage and Trust, Inc. re-

assigned the Deed back to the Texas Homestead Mortgage Company (Dkt. # 4-7),

who then assigned the Deed to Oxford Funding Corporation (Dkt. # 4-8), who

assigned the Deed to City Savings and Loan Association (Dkt. # 4-9).  On July 21,

1997, City Savings and Loan Association assigned the Deed to Bankers Trust

Company of California, N.A., as trustee for RTC Mortgage Pass-Through

Certificates.  (Dkt. # 4-10.)  On March 2, 2011, Deutsche Bank National Trust f/k/a

Banker's Trust Company of California, N.A., as trustee for RTC Mortgage Pass-

---

[2] Angela Spencer is not a party to this case.

Through Certificates, assigned the Deed to EMC Mortgage Corporation.  (Dkt. # 4-

11.)  All assignments were properly recorded with the Bexar County Clerk.[3]  (See

Dkt. # 4.)

On or about May 1, 2010, Plaintiff admits that he defaulted on his

mortgage payments.  (Orig. Pet. ¶ 809.)  EMC Mortgage Corporation initiated

foreclosure proceedings in the summer of 2012.  At least 21 days prior to the

foreclosure sale, EMC Mortgage Corporation caused written notice of the

foreclosure sale to be sent by certified mail to Plaintiff ("Vessella Aff.," Dkt. # 4 at

APP 070) and posted such notice at the county courthouse ("Ray Aff.," Dkt. # 4 at

APP 069).  Plaintiff initiated judicial proceedings to enjoin the foreclosure

("Lawsuit I"), and on September 4, 2012, the 57th District Court of Bexar County

granted Plaintiff a temporary restraining order ("TRO") against EMC Mortgage

Corporation.[4]   (Dkt. # 9-3 at 33.)  Despite the TRO, the foreclosure sale

---

[3] The Court takes judicial notice of the deed of trust and all assignments pursuant
to Federal Rule of Evidence 201 as properly recorded and official property records
of Bexar County, Texas.  The Court also notes that Plaintiff referenced these
records and the records are central to Plaintiff's claims.  Accordingly, the Court
may rely on these documents to adjudicate the pending motion.  Randall D.
Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a
court ruling on a 12(b)(6) motion may rely on the complaint, its proper
attachments, documents incorporated into the complaint by reference, and matters
of which a court may take judicial notice.")

[4]  The state court TRO actually enjoins "Everhome Mortgage Company."
However, it is illogical for a court to enjoin an entity from selling property that it
did not own; Everhome did not own the property until after the foreclosure sale.  In

inexplicably went forward.  ("Ray Aff.," Dkt. # 4 at APP 069; Orig. Pet. ¶ 817.)

On September 5, 2012, substitute trustees for EMC Mortgage Corporation

transferred a Substitute Trustee's Deed to Everhome, who bid $101,900 at the

Property's foreclosure.  (Dkt. # 4-12.)  On December 4, 2012, the 57th Judicial

District Court of Bexar County dismissed Lawsuit I for want of prosecution.  (Dkt.

# 4-2.)

On February 25, 2013, Everhome, through counsel, sent Plaintiff a

Notice to Vacate and Demand for Possession of the Property pursuant to Section

24.002(b) and 24.005 of the Texas Property Code.  (Dkt. # 5-1 at 21-22.)

Subsequently, Plaintiff filed a second lawsuit against Everhome in the 73rd

Judicial District Court of Bexar County ("Lawsuit II") stating causes of action for

wrongful foreclosure and quiet title.  (Dkt. # 3 ¶ 3; Dkt. # 4-3.)  On August 5,

2014, the 73rd Judicial District Court entered an order dismissing Plaintiff's

wrongful foreclosure claim with prejudice on a motion for summary judgment in

favor of Everhome.  (Dkt. # 4-4.)   Lawsuit II's quiet title claim in state court

remains pending.  On or about May 21, 2013, Everhome, through counsel, filed an

---

the state court documents there appears to be imprecise use of the names of the
corporate entities involved in the instant real estate transactions.  The Court can
only reason that the "EMC" in EMC Mortgage Corporation−the rightful owner of
the Deed of Trust at the time the 57th Judicial District issued its TRO−stands for
"Everhome Mortgage Company" and that such naming and imprecise use of
language by attorneys throughout the course of this litigation has caused confusion.

original petition for forcible detainer in Bexar County Justice of the Peace Court,
Precinct 3.  (Orig. Pet. # ¶ 820; Dkt. # 9-3 at 26−27.)

        On February 2, 2015, Plaintiff filed a third lawsuit ("Lawsuit III") in
the 225th Judicial District Court of Bexar County against HWA, who represented
Everhome in state court proceedings and in the foreclosure proceeding.[5]  On
March 26, 2015, HWA properly removed Lawsuit III to the United States District
Court for the Western District of Texas in Case Number 5:15-CV-233-XR.  On
May 19, 2015, Plaintiff filed an amended complaint in Lawsuit III, alleging claims
based on the 2012 foreclosure and subsequent eviction proceeding.  (Dkt. # 5-1.)
Specifically, Plaintiff alleged claims for violations of the Fair Debt Collection
Practices Act ("FDCPA"), codified at 15 U.S.C § 1692, fraud and
misrepresentation, violations of Texas' Deceptive Trade Practices Act (DTPA),
violations of Chapter 12 of the Texas Civil Practice and Remedies Code, and
intentional tort.  (Id.)  Plaintiff filed a motion for voluntary dismissal with
prejudice; on September 24, 2015, the United States District Court for the Western
District of Texas issued an order dismissing all claims against HWA with

---

[5] The role of HWA in this case appears to arise out of its representation of
Everhome in two capacities: (1) representing Everhome in state court lawsuits
involving Plaintiff; and (2) representing Everhome in the foreclosure activities,
notice of substitute trustee sale, and notices of acceleration in relation to the
foreclosure.  ("Aug. 4, 2015 Hearing before U.S. District Judge Xavier
Rodriguez," Dkt. # 7, Ex. A at 7:19−8:23; see Spencer v. HWA et al., 5:15-CV-
233-XR, Doc. No. 26 (W.D. Aug. 4, 2015).)

prejudice.  Spencer v. HWA et al., 5:15-CV-233-XR, Doc. No. 29 (W.D. Tex. Sept. 24, 2015).

On December 23, 2015, Plaintiff filed a fourth lawsuit ("Lawsuit IV") in the 57th Judicial District Court of Bexar County.  (Orig. Pet.)  In Lawsuit IV, Plaintiff sued Everhome and HWA asserting various causes of action based on the same set of facts alleged in the previous three lawsuits involving the September 2012 foreclosure.  (Id.)  Specifically, Plaintiff asserts claims for (1) slander of title; (2) wrongful foreclosure; (3) breach of contract; (4) quiet title; (5) trespass to try title; (6) usury[6]; (7) breach of common law tort of unreasonable collection efforts; (8) a violation of the Texas Debt Collection Practices Act ("DCPA"); (9) a violation of the FDCPA; (10) a violation of the Texas DTPA; (11) negligence; (12) an accounting; (13) declaratory judgment; and (14) injunctive relief.  (Id.)  On January 11, 2016, Defendants properly removed Lawsuit IV to this Court.  (Dkt. # 1.)

Each Defendant filed a Motion to Dismiss (Dkts. ## 3, 5) and Plaintiff filed two Motions to Remand to state court (Dkts. ## 11, 15).  Plaintiff filed responses to the motions to dismiss (Dkts. ## 7, 16) and Defendants filed reply briefs (Dkts. ## 9, 10).  Defendants also filed responses to Plaintiff's Motion to Remand (Dkts. ## 13, 17) and Plaintiff filed his reply (Dkt. # 14.)

---

[6] Plaintiff only alleges usury against Everhome.

<u>LEGAL STANDARD</u>

I.      <u>Dismissal Pursuant to Rule 12(b)(6)</u>

Federal Rule of Civil Procedure 8(a) requires that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). If a plaintiff fails to satisfy Rule 8(a), the opposing party may file a motion to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" <u>United States ex rel. Vavra v. Kellogg Brown & Root, Inc.</u>, 727 F.3d 343, 346 (5th Cir. 2013) (quoting <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 205 (5th Cir. 2007)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>,

550 U.S. at 555.  The statements in the complaint must be sufficiently detailed to

"give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests."  Id.  A pro se plaintiff's pleadings are construed liberally with all well-

pleaded allegations taken as true.  Sama v. Hannigan, 669 F.3d 585, 599 (5th Cir.

2012).

DISCUSSION

I.    Subject-Matter Jurisdiction

Plaintiff argues in his Motions to Remand that the Court lacks subject-

matter jurisdiction, and in the alternative, all state-law claims should be remanded.

Since Plaintiff raises jurisdictional questions, the Court will address them first.

U.S. District Courts are courts of limited jurisdiction.  Accordingly,

the power to adjudicate claims arise only when a statute or the Constitution confers

such authority.  Generally, district courts have original subject-matter jurisdiction

in two circumstances: (1) all civil actions between citizens of different States

where the amount in controversy exceeds $75,000,  28 U.S.C. § 1332(a); and (2)

all civil actions arising under the Constitution, law, or treaties of the United States,

28 U.S.C. § 1331.  In the latter instance, to determine whether a case is one

"arising under" federal law for jurisdictional purposes, courts apply the well-

pleaded complaint rule.  New Orleans & Culf Coast Ry. Co. v. Barrois, 533 F.3d

8

321, 328 (5th Cir. 2008).  "The well-pleaded complaint rule focuses on whether the plaintiff has affirmatively alleged a federal claim."  Id.

In the removal context, the party seeking removal has the burden of proving that federal jurisdiction is present to defeat a motion to remand.  Pidgeon v. Parker, 46 F. Supp. 3d 692, 697 (S.D. Tex 2014) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)).  "To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal."  Manguno, 276 F.3d at 723 (quoting Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)).  Any ambiguities are construed against removal.  Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000).

In this case, Plaintiff affirmatively pled a cause of action pursuant to the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692 et seq., in his original state court complaint.  (Orig. Pet. ¶¶ 1026−41.)  Specifically, Plaintiff alleges that Defendants "falsely represented the [c]haracter, [a]mount, and [l]egal [s]tatus of [his] debt in violation of 15 U.S.C. § 1692e(2)(A)," and that Defendants violated 15 U.S.C. § 1692e(11) by "fail[ing] to disclose that any of its written communications were to collect a debt, that information received will be used for debt collection and that it is a debt collector."  (Id. ¶¶ 1037−38.)  Accordingly, the Court finds that it has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331

because Plaintiff affirmatively pled federal claims pursuant to 15 U.S.C.

§§ 1692e(2)(A) and 1692e(11) in his state court petition.

In addition to his claims under 15 U.S.C. § 1692e, Plaintiff has

alleged a variety of causes of action under Texas state law.  (Orig. Pet.

¶¶ 1001−25, 1047−49.)  In any civil action in which a U.S. district court has

original jurisdiction, the court "shall have supplemental jurisdiction over all other

claims that are so related to the claims in the action within such original

jurisdiction that they form the same part of the same case or controversy."

28 U.S.C. § 1367(a).  "The question under section 1367(a) is whether the

supplemental claims are so related to the original claims that they . . . 'derive from

a common nucleus of operative fact.'"  Menodoza v. Murphy, 532 F.3d 342, 346

(5th Cir. 2008) (quoting United Mine Workers of America v. Gibbs, 383 U.S. 715,

725 (1966)).  However, a U.S. district court may decline to exercise supplemental

jurisdiction over a claim if: (1) the claim raises a novel or complex issue of state

law; (2) the claim substantially predominates over the claim or claims over which

the district court has original jurisdiction; (3) the district court has dismissed all

claims over which it has original jurisdiction; and (4) for other compelling reasons.

28 U.S.C. § 1367(c)(3).  Generally, "a court should decline to exercise jurisdiction

over remaining state-law claims when all federal-law claims are eliminated before

trial."  Brookshire Bros. Holding, Inc. v. Dayco Prod., Inc., 554 F.3d 595, 602 (5th

Cir. 2009).  In declining to exercise supplemental jurisdiction, a court should consider the common law factors of "judicial economy, convenience, fairness, and comity." Id. at 601−02.  Finally, in deciding whether to decline the exercise of jurisdiction, a district court must consider all the relevant statutory factors found in Section 1367 and the common law factors, but "no single factor is dispositive." Alphonse v. Arch Bay Holdings, L.L.C., 618 Fed. App'x 765, 769 (5th Cir. 2015).

Here, as previously explained, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 on two federal claims brought under 15 U.S.C. § 1692e.  All other claims asserted by Plaintiff in his original petition arise under Texas law.  Plaintiff's federal claim pursuant to 15 U.S.C. § 1692e and all of his state-law claims arise out of the same facts surrounding the 2012 foreclosure of the Property.  Therefore, the Court finds that it has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 because the federal and state-law claims form the same part of a single controversy and "derive from a common nucleus of operative fact." Gibbs, 383 U.S. at 725.

Accordingly, Defendants have met their burden of showing that the Court has subject-matter jurisdiction over this removed action[7]; Plaintiff's Motions to Remand (Dkts. ## 11, 15) are **DENIED**.

---

[7] Even though the Court dismisses Plaintiff's federal claims in this order, the Court exercises its discretion to retain supplemental jurisdiction over the remaining state law claims.  The state law claims do not present novel issues of state law, the

II.      <u>Whether Plaintiff's Claims Against HWA are Barred</u>

Defendant HWA argues in its Motion to Dismiss that the doctrine of res

judicata precludes Plaintiff from seeking relief in this lawsuit. (Dkt. # 5 at 2.)

"Under res judicata, a final judgment on the merits of an action precludes

the parties or their privies from relitigating issues that were or could have been

raised in that action." <u>Oreck Direct, LLC v. Dyson, Inc.</u>, 560 F.3d 398, 401 (5th

Cir. 2009) (quoting <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980)).  Four elements

must be met for a claim to be barred by res judicata: "(1) the parties must be

identical in the two actions; (2) the prior judgment must have been rendered by a

court of competent jurisdiction; (3) there must be a final judgment on the merits;

and (4) the same claim or cause of action must be involved in both cases."  <u>Id.</u>

(quoting <u>In re Ark-La-Tex Timber Co.</u>, 482 F.3d 319, 330 (5th Cir. 2007)).  To

evaluate the fourth prong of this test, courts apply the transactional test.  <u>In re</u>

<u>Paige</u>, 610 F.3d 865, 872 (5th Cir. 2010).  Under that test, "the preclusive effect of

a prior judgment extends to all rights the original plaintiff had with respect to all or

any part of the transaction, or series of connected transactions, out of which the

original action arose."  <u>Id.</u> (internal quotations omitted.)  The critical issue is

"whether the two actions under consideration are based on the same nucleus of

_____

remaining claims do not substantially predominate the entire case, and Plaintiff
raises no other compelling reasons for the Court to decline supplemental
jurisdiction.

operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted." Id. (internal quotations admitted); see also Oreck Direct, 560 F.3d at 402

In this case, all four elements are met.  First, the parties in this lawsuit, Spencer and HWA, are the same parties in Lawsuit III.  Second, in Lawsuit III, the Court was a court of competent jurisdiction because it had jurisdiction over the subject-matter and the parties.  Third, on September 24, 2015, the Court issued an order in Lawsuit III dismissing all claims against HWA with prejudice after Plaintiff Spencer filed a motion for voluntary dismissal with prejudice. (Dkt. # 5, Ex. C.)  Oreck Direct, 560 F.3d at 401 (holding that a district court's dismissal of the case with prejudice was a final judgment on the merits); Brooks v. Raymond Dugat Co. L C, 336 F.3d 360, 362 (5th Cir. 2003) (recognizing that a voluntary dismissal with prejudice operates as a final adjudication on the merits); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 n. 8 (5th Cir. 1993). Fourth, the claims in Lawsuit III involved similar claims arising out of the exact same facts as are involved in the instant lawsuit.  Specifically in Lawsuit III, like here, Plaintiff alleged facts arising out of the 2012 foreclosure of the Property and stated causes of action for violations of 15 U.S.C § 1692.  (Dkt. # 5-1.)  Thus, the preclusive effect of Lawsuit III's prior judgment extends to all rights that Spencer had with respect to all or any part of the transaction involving the 2012 foreclosure.

In re Paige, 610 F.3d at 872.  Therefore, the Court finds that under the transactional test, the claims in Lawsuit III and the claims in this action arise under the same nucleus of operative facts−namely, the 2012 foreclosure of the Property.

Accordingly, the Court finds that the doctrine of res judicata precludes Plaintiff from asserting the instant claims against HWA in this lawsuit; HWA's Motion to Dismiss is **GRANTED**.

III.    Whether Plaintiff Fails to State a Claim Against Everhome

Defendant Everhome argues that Plaintiff's original petition fails to state a claim upon which relief can be granted and that dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(6).

A. Slander of Title

"Slander of title is a tort action with stringent pleading and proof requirements." Pampell Interests, Inc. v. Wolle, 797 S.W.2d 392, 395 (Tex. App. 1990).  A plaintiff must prove "that the defendant made a false and malicious statement, disparaging property in which the plaintiff holds an interest, and causing special damages." Id. (citing Clark v. Lewis, 684 S.W.2d 161 (Tex. App. 1984)). Moreover, "[t]he Texas Supreme Court has consistently held that a plaintiff who sues for slander of title must plead and prove the loss of a specific sale." Id. (citing Ellis v. Waldrop, 656 S.W.2d 902, 905 (Tex. 1983) (emphasis in original); A.H. Belo Corp. v. Sanders, 632 S.W.2d 145 (Tex. 1982); Shell Oil Co. v. Howth, 159

14

S.W.2d 483, 490 (Tex. 1942)); see also Sw. Guar. Trust Co. v. Hardy Road 13.4 Joint Venture, 981 S.W.2d 951, 954 (1998) ("Barring such proof [of loss of a specific sale], the plaintiff may not recover any damages, whether litigation expenses, interest, taxes, or otherwise.").  The statute of limitations for slander of title is two years after the day the cause of action accrues.  Tex. Civ. Prac. & Rem. Code § 16.003(a); Poag v. Flories, 317 S.W.3d 820, 826 (Tex. App. 2010) ("The two-year statute of limitations governs a claim for slander of title.")

In the original petition, Plaintiff bases his slander of title claim on the acceleration of his mortgage prior to the foreclosure and on the September 4, 2012 foreclosure of the Property.  (Orig. Pet. ¶¶ 1001−09.)  If Plaintiff had a cause of action for slander of title, it would have accrued, at the latest, the day after the September 4, 2012 foreclosure of the Property.  Under Texas law, Plaintiff's statute of limitations for bringing a slander of title claim was September 5, 2014.  See Tex. Civ. Prac. & Rem. Code § 16.003(a).  Plaintiff filed this lawsuit on December 23, 2015, in the 57th Judicial District Court of Bexar County, over a year after the statute of limitations expired.  Accordingly, Plaintiff has failed to state a slander of title claim.

B. Wrongful Foreclosure

A plaintiff asserting a wrongful foreclosure must show (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a

15

causal connection between the defect and the grossly inadequate selling price.

Sauceda v. GMAC Mortgage Corp., 268 S.W.3d 135, 139 (Tex. App 2008).

Everhome argues that the doctrine of res judicata precludes Plaintiff from asserting this claim.  (Dkt. # 3 ¶ 15.)  On August 5, 2014, the 73rd Judicial District Court of Bexar County Texas issued an order in Lawsuit II granting summary judgment that dismissed Plaintiff's wrongful foreclosure claim asserted against Everhome with prejudice.  (Dkt. # 4, Ex. D.)  Plaintiff is precluded from relitigating a claim for wrongful foreclosure under the doctrine of res judicata: (1) the parties here and in Lawsuit II are the same; (2) the 73rd Judicial District Court was a court of competent jurisdiction; (3) the summary judgment order dismissing the wrongful foreclosure claim was an adjudication on the merits; and (4) the same claim−wrongful foreclosure−was brought in Lawsuit II.  Therefore, Plaintiff has failed to state a wrongful foreclosure claim against Everhome because he is precluded from asserting such a claim under the doctrine of res judicata.

C.  Breach of Contract

The elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach.  Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P., 422 S.W.3d 821, 837 (Tex. App. 2014).  Under Texas law, a valid contract requires an

16

offer and acceptance, supported by consideration.  Pasture Renovators, LLC v. Lawson Cattle & Equipment, Inc., 480 F. Supp. 2d 890, 893 (W.D. Tex. 2006) (citing Nickerson v. E.I.L. Instruments, Inc., 874 S.W.2d, 936, 939 (Tex. App. 1994)).

Plaintiff does not plead facts that identify the existence of a valid contract.  Even if the Court were to construe Plaintiff's promissory note and deed of trust as a valid contract, Plaintiff's breach of contract claim would fail because Plaintiff affirmatively admits that he defaulted on his mortgage payments.  (Orig. Pet. ¶ 809.)  Courts are unequivocally clear that in foreclosure proceedings a mortgagor in default may not maintain a breach of contract claim against the mortgagee.  See Owens v. Bank of America, NA, No. H-11-2552, 2012 WL 912721, at *4 (S.D. Tex. Mar. 16, 2012).  Indeed, under Texas law "a party to a contract who is himself in default cannot maintain a suit for its breach."  Santiago v. BAC Home Loans Servicing, L.P., 20 F. Supp. 585, 592 (W.D. Tex. 2014) (quoting Dobbins v. Redden, 785 S.W.2d 377, 378 (Tex. 1990)).  Accordingly, the Court finds that Plaintiff has failed to state a claim for breach of contract.

D. Quiet Title

The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title.  Vernon v. Perrien, 390 S.W.3d 47, 61 (Tex. App. 2012). The elements of a suit to quiet title are: (1) plaintiff has an interest in a specific

property; (2) title to the property is affected by a claim by the defendant; and

(3) the defendant's claim, though facially valid, is invalid and unenforceable.

Montenegro v. Ocwen Loan Servicing, LLC, 419 S.W.3d 561, 572 (Tex. App.

2013) (citing Vernon, 390 S.W.3d at 61).   To quiet title in his favor, the plaintiff

"must allege right, title, or ownership in himself or herself with sufficient certainty

to enable the court to see he or she has a right of ownership that will warrant

judicial interference."  Wright v. Matthews, 26 S.W.3d 575, 578 (Tex. App. 2000).

In other words, the plaintiff must recover on the strength of his or her title, not the

weakness of his adversary's.  Fricks v. Hancock, 45 S.W.3d 322, 327 (Tex. App.

2001).

       Here, Plaintiff fails to plead a viable claim to quiet title.  Plaintiff's

factual allegations to support his claim to quiet title are actually assertions of legal

conclusions without a factual basis.  While Plaintiff need not provide "detailed

factual allegations," he must provide "more than labels and conclusions."

Twombly, 550 U.S. at 555.  For example, in his original petition Plaintiff states

that Everhome "violated the Real Estate Settlement and Procedures Act and Deed

of Trust contract," but does not present factual allegations to support such a legal

conclusion.  Without more, Plaintiff fails to state a claim to quiet title.

       E.  Trespass to Try Title

       "A trespass to try title action is the method of determining title to

lands, tenements, or other real property."  Tex. Prop. Code § 22.001(a).  "In general, the action of trespass to try title is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession."  Hurd v. BAC Home Loans Servicing, LP, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012) (quoting Rocha v. Campos, 574 S.W.2d 233, 236 (Tex. App. 1978)).  To prevail on a trespass to try title claim, a party must: (1) prove a regular chain of conveyances from the sovereign; (2) establish superior title out of a common source; (3) prove title by limitations; or (4) prove title by prior possession coupled with proof that possession was not abandoned.  Martin v. Amerman, 133 S.W.3d 262, 265 (Tex. 2004).  "The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title.  Id. (citing Land v. Turner, 377 S.W.2d 181, 183 (Tex. 1964)).

Here, Plaintiff bases his trespass to title action on the weakness on Defendant's title—he alleges that the foreclosure through which Defendant obtained titled "was not pursuant to the terms of the Deed of Trust and should be set aside." (Orig. Pet. ¶ 1013.)  Further, Plaintiff has failed to allege that he has lost possession of the Property to Defendant.  Indeed, Plaintiff affirmatively pleads that he "currently has possession of and resides at" the Property.  (Orig. Pet. ¶ 704.) Since Plaintiff has failed to allege that he has lost possession of the Property, his

claim for trespass to try title fails. Hurd, 880 F. Supp. 2d at 767 (finding that failure to allege loss of possession results in a failure to state a trespass to try title claim).

F.  Usury

The Texas Finance Code prohibits creditors from contracting for, charging, or receiving interest in excess of the statutory limit on a loan of money. Tex. Fin. Code § 305.001.  A usurious transaction consists of three elements: (1) a loan of money; (2) an absolute obligation to repay the principal; and (3) the exaction of a greater compensation than allowed by law for the use of the money by the borrower.  First Bank v. Tony's Tortilla Factory, Inc., 877 S.W.2d 285, 287 (Tex. 1994).  "Usury is *interest* in excess of the amount allowed by law."  Id.  "A greater rate of interest than 10 percent a year is usurious unless otherwise provided by law."  Tex. Fin. Code § 302.001(b).

Plaintiff's claim for usury is barred by the statute of limitations. Plaintiff alleges that the acceleration of his promissory note created an effective usurious interest rate of 18%, which could violate the Texas Finance Code.  (Orig. Pet. ¶ 1020.)  Under Texas law, a cause of action for usury must be brought within four years of either (1) contracting for a usurious interest rate; (2) being charged a usurious interest rate; or (3) the lender receiving a usurious payment.  See Tex. Fin. Code § 305.006.  In the first instance, Plaintiff admits that he signed the

20

promissory note in 1987.  Since Plaintiff "contracted for" the accelerated usurious interest rate in 1987, the four-year statute of limitations expired in 1991.  See Tex. Fin. Code § 305.006.  In the second instance, Plaintiff admits that he stopped paying his mortgage on May 1, 2010 (Orig. Pet. ¶ 809), and it appears that HWA sent Plaintiff a notice of acceleration on January 18, 2011 (id. ¶ 812).  Construing the notice of acceleration as a "charge" of usurious interest, Plaintiff's claim for usury expired on January 19, 2015.  Finally, Plaintiff does not plead any facts that he has made a usury payment to Everhome.  Since Plaintiff has not made a usury payment to Everhome, Plaintiff cannot extend the statute of limitations based on a date the lender received a usury payment because no payment has been made.  Accordingly, Plaintiff's usury claim is barred by the statute of limitations.

G. Common Law Tort of Unreasonable Collection Efforts

Under Texas law, "unreasonable collection is an intentional tort." EMC Mortg. Corp. v. Jones, 252 S.W.3d 857, 868 (Tex. App. 2008).  "[T]he elements are not clearly defined and the conduct deemed to constitute an unreasonable collection effort varies from case to case."  Id.  However, conduct giving rise to the tort of unreasonable collection involves "efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm."  Id.

Plaintiff fails to plead facts that demonstrate a course of harassment

that inflicted mental anguish and bodily harm.  On February 20, 2013, Plaintiff

alleges that Everhome or its agent sent him a "Notice to Vacate and Demand for

Possession."  (Orig. Pet. ¶ 819.)  On May 21, 2013, Plaintiff alleges that Everhome

or its agent filed a "Forcible Entry Detainer" in state court.  (Id. ¶ 820.)  Plaintiff

also alleges that Everhome hired a third party debt collector.  (Id. ¶ 827.)  The

Court finds that this alleged conduct falls far short of a "course of harassment that

was willful, wanton, malicious" necessary to state a cause of action for

unreasonable collection efforts.  Further, Plaintiff also makes conclusory

statements that Everhome slandered his credit reputation and defamed his credit.

(Orig. Pet. ¶ 1024.)  These allegations are merely legal conclusions and are

insufficient to withstand a motion to dismiss.  See Twombly, 550 U.S. at 555 (A

plaintiff must provide "more than labels and conclusions").  Accordingly, the

Court finds that Plaintiff fails to state a claim for unreasonable collection efforts.

H. Texas Debt Collection Practices Act

Plaintiff does not specify under which provision of the Texas Debt

Collection Practices Act ("TDCPA") he asserts a claim for relief.  Liberally

construing Plaintiff's allegations, the Court interprets Plaintiff's cause of action to

be a claim pursuant to Section 392.304 of the Texas Finance Code which makes it

illegal for a debt collector to "use fraudulent, deceptive, or misleading

representation[s]" in nineteen enumerated instances.  Tex. Fin. Code

22

§ 392.304(a)(1)−(19).  The statute of limitations is two years from discovery of the

unlawful practice.  Tex. Civ. Prac. & Rem Code § 16.003(a); Galindo v. Snoddy,

415 S.W.3d 905, 910 (Tex. App. 2013) (holding that the discovery rule applies to

claims under the TDCPA for fraudulent misrepresentations).

      In Plaintiff's original petition, he makes factual allegations that

Everhome or its agent sent him "a letter concerning his mortgage," (Orig. Pet.

¶ 812), unlawfully foreclosed the Property in violation of a TRO (id. ¶ 816), sent

Plaintiff a "Notice to Vacate and Demand for Possession," (id. ¶ 819) and filed a

Forcible Entry Detainer (id. ¶ 820).  Plaintiff alleges no other instances of conduct

on behalf of Everhome or its agent.  The latest of these events−the filing of a

Forcible Entry Detainer with the state court−occurred on May 21, 2013.

Generously construing that Plaintiff discovered Everhome's conduct might violate

the TDCPA[8] as late as May 21, 2013, the statute of limitations expired on May 22,

2015, for any claim brought pursuant to the TDCPA.  Accordingly, the Court finds

that Plaintiff has failed to state a claim.

      I.  Fair Debt Collection Practices Act ("FDCPA")

      Plaintiff alleges violations of 15 U.S.C. § 1692e(11) and

§ 1692e(2)(A).  The statute of limitations for violations of these sections is one

year from the date on which the violation occurs. 15 U.S.C. § 1692k(d).

---

[8] The Court does not insinuate that the alleged conduct is a violation of the
TDCPA.

In this case, the earliest date Plaintiff alleges that could possibly be construed a violation of 15 U.S.C. § 1692e would be the February 20, 2013 "Notice to Vacate and Demand for Possession."  (Orig. Pet. ¶ 819.)  Thus, pursuant to 15 U.S.C. § 1692k(d), on February 21, 2014, Plaintiff's statute of limitations expired.  Further, throughout Plaintiff's original petition he does not allege any conduct by Everhome that has occurred within the past year.  Accordingly, the Court finds that Plaintiff fails to state a claim under the FDCPA because he is barred by the one-year statute of limitations.

J.   Texas Deceptive Trade Practices Act ("DTPA")

Texas' DTPA, codified as Tex. Bus. & Com. Code § 17.41 et seq., makes it unlawful to perform "false, misleading, or deceptive acts or practices in the conduct of any trade or commerce."  Tex. Bus. & Com. Code § 17.46(a).  The Texas DPTA grants consumers a cause of action for such "false, misleading, or deceptive acts or practices."  Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 649 (Tex. 1996) (citing Tex. Bus. & Com. Code Ann. § 17.50(a)(1)).  The statute of limitations for bringing an action pursuant to this law is two years after discovery of the violation.  Tex. Bus. & Com. Code § 17. 565.

In this case, as previously stated, even if the Court were to construe Plaintiff's date of discovery of an alleged violation of the DTPA by considering the date of the most recently pled allegation of Everhome's conduct, the statute of

24

limitations precludes recovery.  The latest date of conduct that Plaintiff alleges as a possible basis of a claim pursuant to the DTPA is the February 20, 2013 "Notice to Vacate and Demand for Possession."  (Orig. Pet. ¶ 819).  Therefore, the statute of limitations expired on February 21, 2015.  Plaintiff pleads no facts that have occurred within the last two years that could form the basis of a cause of action pursuant to the DTPA.  Accordingly, Plaintiff fails to state a claim.

K. <u>Negligence</u>

"A two-year statute of limitations applies to a cause of action for negligence."  <u>See</u> Tex. Civ. Prac. & Rem. § 16.003(a); <u>Dunmore v. Chicago Title Ins. Co</u>, 400 S.W.3d 635, 640 (Tex. App. 2013).

Here, Plaintiff alleges Everhome acted negligently when "they ignored a valid [TRO] . . . caused an unlawful foreclosure to take place . . . [and] failed to comply with the law of the State of Texas [and the United States]."  (Orig. Pet. ¶ 1047.)  By Plaintiff's own admission, none of these pled acts have occurred within the past two years and are therefore barred by the statute of limitations. Accordingly, the Court finds that Plaintiff has failed to state a claim for negligence.

L. <u>Accounting</u>

"A suit for accounting is generally founded in equity" and the decision to grant an accounting is within the discretion of the district court. <u>Williams v. Wells Fargo Bank, NA</u>, 560 Fed. App'x, 233, 243 (5th Cir. 2014)

(quoting Sw. Livestock & Trucking Co. v. Dooley, 884 S.W.2d 805, 809 (Tex.

App. 1994)).  "To be entitled to an accounting, a plaintiff usually must have a

contractual or fiduciary relationship with the party from which the plaintiff seeks

the accounting."  T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n, 79

S.W.3d 712, 717 (Tex. App. 2002).  "An equitable accounting is proper when the

facts and accounts presented are so complex adequate relief may not be obtained at

law."  Id.

In this case, Plaintiff seeks an accounting without providing any

factual support for the equitable remedy.  Plaintiff alleges no facts suggesting that

the information he seeks is complex such that an order of equitable accounting is

proper.  Williams, 560 Fed. App'x at 243 (failure to allege facts suggesting the

information sought was complex barred an order of accounting).  Therefore, the

Court denies Plaintiff's request for an equitable accounting.

J. Declaratory and Injunctive Relief

The Fifth Circuit has held that when a complaint purports to assert an

independent cause of action for declaratory judgment alongside another cause of

action, the request for declaratory judgment should be construed as a theory of

recovery predicated upon the accompanying claim.  Sid Richardson Carbon &

Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 752 n. 3 (5th Cir.1996).

Accordingly, district courts dismiss requests for declaratory relief when all pleaded

causes of action fail.  See, e.g., Scott v. Bank of Am., No. SA:12–CV–917–DAE, 2013 WL 1821874, at *9 (W.D. Tex. Apr. 29, 2013); Amaro v. U.S. Bank N.A., No. 3:12–CV–3776–B, 2013 WL 1187284, at *4 (N.D. Tex. Mar. 22, 2013); Marsh v. JPMorgan Chase, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012).  Here, Plaintiffs fail to state a viable independent cause of action, and, therefore, Plaintiff's claim for declaratory relief is dismissed.

Finally, Plaintiff's request for an injunction enjoining Defendant from attempting to enter or take possession of the Property, proceeding with a sale or foreclosure, or attempting to purchase, transfer, assign, or collect on the mortgage, note, and deed is denied as their request is not supported by a viable underlying cause of action. See Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009); Von Scheele v. Wells Fargo Bank, N.A., SA–12–CV–00690–DAE, 2013 WL 5346710, at *6 (W.D. Tex. Sept. 23, 2013).

## CONCLUSION

For the foregoing reasons, Defendant Everhome's Motion to Dismiss (Dkt. # 3) is **GRANTED**; Defendant HWA's Motion to Dismiss (Dkt. # 5) is **GRANTED**; Plaintiff's Motions to Remand (Dkts. ## 11, 15) are **DENIED**. Finally, the Court finds that this is Mr. Spencer's fourth lawsuit asserting the same or similar claims arising out of the same set of facts.  Even though Mr. Spencer is a pro se litigant in this case, he has been represented by counsel in previous lawsuits.

27

Mr. Spencer's claims are barred by either res judicata or by statutes of limitations.

Accordingly, the Court **ORDERS** this case **DISMISSED WITH PREJUDICE**.

       **IT IS ORDERED**.

       **DATE:** San Antonio, Texas, April 21, 2016.


_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE